DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, in which the trial court granted the parties a divorce, divided property pursuant to the terms of a prenuptial agreement, and dismissed their respective claims for additional reimbursement of business and personal expenditures. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal appellant, Janet M. Sullivan, sets forth the following as her sole assignment of error:
 {¶ 3} "The trial court erred when it dismissed sua sponte, the remaining claims upon the mistaken belief that it did not have jurisdiction to determine the reimbursement of debts and expenses * * *."
 {¶ 4} On April 28, 2000, appellant and appellee entered into a prenuptial agreement, which awarded each party his or her separate property, and provided for an equal division of all marital property, upon divorce. The agreement further stated the parties would share equally in all the expenses of the marital home, including the mortgage payments, and would equally divide any equity resulting from a sale of the home in the event of a divorce.
 {¶ 5} Appellant and appellee were married on May 27, 2000. Pursuant to the terms of the prenuptial agreement, the parties lived in a home they purchased together. Initially, appellant's son from a prior relationship also lived in the home.
 {¶ 6} About the time the marriage took place, appellant and appellee also entered into a joint business venture involving appellant's real estate business. As part of their business arrangement, appellant and appellee orally agreed to share business expenses, with appellant paying two-thirds of the expenses and appellee paying one-third.
 {¶ 7} In October 2000, Lucas County Children's Services removed appellant's son from the parties' home due to conflicts between the child and appellee. In June 2001, appellant moved out of the marital home, which was sold in February 2002. Appellant and appellee each realized approximately $4,000 in proceeds from the sale.
 {¶ 8} On September 10, 2002, appellant filed a complaint for divorce. Appellee filed an answer and counterclaim on January 7, 2003.
 {¶ 9} On March 3, 2004, a divorce hearing was held. At the outset of the hearing, the parties stipulated the prenuptial agreement was valid and enforceable, and neither party was entitled to spousal support or child support.
 {¶ 10} After the above stipulations were entered on the record, appellant testified in support of her claim for reimbursement of certain expenditures made during the marriage. Specifically, appellant stated appellee did not pay his portion of the household expenses, including moving costs, her son's private school tuition, lawn care and house cleaning. Appellant admitted she did not pay her half of the mortgage payment after she moved out of the marital home. Appellant further testified appellee breached the parties' agreement to pay his portion of the business expenses, which included an office lease, telephone bill, copy machine lease, utilities and postage. Appellant further stated appellee wrote $3,824.56 in checks from their joint business checking account to pay for his personal expenses, without her authorization.
 {¶ 11} Before appellant's testimony was concluded, the trial court interrupted the proceedings. After holding a conference with counsel for both parties the trial court stated it was not inclined to trace every personal and business expenditure. The trial court further stated: "I would invite counsel, either one of you, if you have any further advancement as to on what basis we have a justiciable claim, I'm inclined to dismiss this thing as the matter has already been settled between the parties according to their stipulations earlier entered into. * * *" Appellant's attorney then proffered additional information, including costs related to appellee's mistreatment of appellant's son; appellee's failure to pay income taxes in 1999, which resulted in monetary penalties after the parties' marriage in 2000; and statements regarding a loan from appellant's parents.
 {¶ 12} On June 7, 2004, the trial court filed a judgment entry in which it granted appellant and appellee a divorce and divided their assets pursuant to the terms of the prenuptial agreement. The trial court denied the parties' respective claims for reimbursement of personal and business expenses, after finding neither party established a "justiciable claim." Each party was ordered to pay his or her own debts and attorney fees. Appellant filed a notice of appeal on July 7, 2004.
 {¶ 13} Appellant asserts on appeal the trial court erred when it dismissed her claim against appellee for reimbursement of personal and business expenses. In support, appellant argues a domestic relations court has "full equitable powers" to determine all domestic relations matters, including reimbursement by one spouse to another.
 {¶ 14} It is well-settled the existence of a valid prenuptial agreement "negates the statutorily defined presumptive rights of a spouse to an equitable distribution of marital assets upon divorce." Fletcher v. Fletcher (1994), 68 Ohio St.3d 464, 467, citing R.C. 3105.171. See, also, Langer v. Langer (1997),123 Ohio App.3d 348 (Because a valid prenuptial agreement is, by nature, a contract, a domestic relations court is bound to enforce the parties' contractual rights under the prenuptial agreement, and is not free to adjust enforcement of those rights to suit any equities involved. Id. at 354.)
 {¶ 15} As set forth above, appellant and appellee stipulated the prenuptial agreement was valid and enforceable. It is undisputed the parties divided their separate and marital property pursuant to the terms of the agreement. Accordingly, any claim for additional reimbursement of personal and/or business expenses from such property falls outside the scope of the prenuptial agreement and cannot be addressed by the trial court in the context of these proceedings.
 {¶ 16} This court has reviewed the entire record and, upon consideration, finds the trial court did not err by dividing the parties' assets pursuant to the terms of the prenuptial agreement and dismissing their respective claims for additional reimbursement. Appellant's assignment of error is not well-taken.
 {¶ 17} The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is hereby affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J. concur.